IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COMFORTABLY NUMB MARINE, LLC,

      Plaintiff

v.

MARKEL AMERICAN INSURANCE
COMPANY,

      Defendant

No. 1:15-cv-00100

## MEMORANDUM OF LAW IN SUPPORT OF MARKEL AMERICAN INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Markel American Insurance Company ("Markel") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff Comfortably Numb Marine, LLC's ("Plaintiff") Complaint for Breach of Contract of Insurance ("Complaint").

## I.      INTRODUCTION

This is a dispute over first-party coverage for property damage to Plaintiff's sixty-nine foot 2001 Viking Sport cruiser motor yacht.[1] Plaintiff seeks coverage under a Markel Helmsman Yacht Policy, policy number MHY00000098667, effective March 23, 2013 to March 23, 2014("the Policy") for damage to the vessel as a result of this incident. Plaintiff has asserted claims for breach of contract and bad faith pursuant to R.I.G.L. § 9-1-33. Even accepting the allegations set forth in the Complaint as true, both claims are subject to dismissal pursuant to Rule 12(b)(6). Plaintiff's allegations are insufficient, even if proven, to establish that its claim

---

[1] The factual allegations set forth herein are taken from the Complaint and attached documents, and are presented solely for the purposes of the Rule 12(b)(6) analysis.

1

would be covered under the Policy. Furthermore, Plaintiff's breach of contract claim is barred by a one-year limitation in the Policy, which required that legal actions relating to coverage for physical damage be brought within twelve months after Plaintiff became aware of the loss. Finally, with respect to its bad faith claim, Plaintiff alleges no facts that, if proven, would support a claim for bad faith refusal to pay or unfair claims settlement practices. Accordingly, the Complaint should be dismissed in its entirety, with prejudice.

## II.     FACTUAL ALLEGATIONS

Plaintiff's allegations are concise. In March 2013, Markel issued the Policy for Plaintiff's 69-foot, 2001 Viking Sport Cruiser motor yacht, the "Comfortably Numb" ("the vessel").[2] On or about September 12, 2013, the vessel allegedly "suffered loss and damage which was sudden and accidental while travelling in Vineyard Sound."[3]   Plaintiff made a timely claim for the loss, and Markel denied coverage for the loss via October 1, 2013 letter.[4]

Markel arranged for an independent marine surveyor, Stephen Charette of New England Marine Consultants, Inc., to inspect the vessel in order to assist in it determining the cause, nature and extent of the damage.[5]   The inspection took place on September 17, just five days after the alleged loss.[6] The damage to the vessel consisted of a failed starboard transmission and the inspection revealed that an oil line on the starboard engine had parted, resulting in loss of oil.[7]   The line failure appeared to be the result of corrosion, wear and tear, and maintenance issues.[8]

---

[2] Complaint ¶ 3.  Plaintiff attached a specimen copy of the Policy to the Complaint, thereby incorporating it by reference into the pleadings. *Id.* ¶ 6. Markel concedes for purposes of this motion that the specimen policy is identical to the actual policy issued to Plaintiff.
[3] *Id.* ¶ 8.
[4] *Id.* ¶ 10, Ex. B.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

1096005v.2

Markel denied coverage for Plaintiff's claim based on the "wear and tear" exclusion to the Policy, which provides:

> We shall not pay for loss, damage or expense caused by or resulting from:
>
> 1)    Wear and tear, gradual deterioration, electrolysis, corrosion, rust. . .
> 2)    Failure to maintain the insured yacht (including its machinery and equipment) in good condition so that the insured yacht cannot be damaged by ordinary weather or water conditions or the rigors of normal use.[9]

Plaintiff disputes Mr. Charette's conclusion.[10]  It further disputes Markel's coverage determination.[11]  However, the Plaintiff merely recites the language of the Policy, alleging that the damage was sudden and accidental without any more specific facts which , if proven, would support its contention that this was a covered claim.[12]

Plaintiff filed the Complaint on March 18, 2015, over twelve months after it became aware of the loss on or about September 12, 2013. The Policy provides that, "[w]ith respect to coverage provided under **PHYSICAL DAMAGE**, no suit or action may be brought against us unless the action is brought within 12 months after the date you first have knowledge of the loss."[13]

Plaintiff alleges no specific facts in support of its bad faith claim, only that Markel utilized "strained interpretations" of the policy and policy exclusionary language to deny coverage.[14] The entirety of the allegations in support of the bad faith claim are that merely asserts that Markel breached the Policy and that its denial of Plaintiff's claim was made in bad faith.

### III.    STANDARD OF REVIEW

---

[9] *Id.*
[10] *Id.* ¶ 11.
[11] *Id.*
[12] *Id.* ¶ 8.
[13] Complaint, Ex. A at 4 (General Conditions).
[14] Complaint ¶¶ 19, 20.

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must take Plaintiffs' factual allegations as true and make all reasonable inferences in their favor. *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). However, a court must grant a motion to dismiss for failure to state a claim on which relief can be granted where the factual allegations are insufficient to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (U.S. 2007). In reviewing the sufficiency of a complaint, courts should not accept as true legal conclusions couched as factual allegations. *Id.* at 555; *see also Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1216 (1st Cir. 1996). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "[S]ummary legal conclusions that are contradicted or 'belied by the facts alleged' may be disregarded." *Id.* (quoting *In re Lane*, 937 F.2d 694, 698 n.7 (1st Cir. 1991)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678. Unsupported conclusions and assertions are not entitled to credit under this standard. *Universal Communication Systems, Inc.*, 478 F.3d 413, 415 (1st Cir. 2007) (citing *Palmer v. Champion Mortgage*, 465 F.3d 24, 25 (1st Cir. 2006)).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal citations

4

omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Well-pleaded facts of a complaint are to be accepted as true, but legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In ruling on a motion to dismiss, the Court may consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken." *Walker v. Wall*, 2013 U.S. Dist. LEXIS 87787 (D.R.I. June 20, 2013) (citing *Schofield v. Clarke*, 769 F. Supp. 2d 42, 45 (D. Mass. 2011)).

## IV.     ARGUMENT

### A.     Plaintiff Has Not Alleged Any Facts Which, if Proven, Would Demonstrate That It Was Entitled To Coverage Under The Policy.

The Complaint states that the vessel "suffered loss and damage which was sudden and accidental."[15] It does not allege any facts in support of these conclusory allegations. The Court is left to speculate as to the cause of the loss and how Plaintiff determined that it was, in fact, "sudden" and "accidental." Count I does not allege any facts which, if proven, would entitle Plaintiff to coverage, and, thus, the Complaint should be dismissed. Moreover, Count II cannot stand where Count I fails because the necessary element of breach of contract would be lacking.

In an insurance coverage dispute, "the insured 'bears the burden of proving a prima facie case, including but not limited to the existence and validity of a policy, the

---

[15] *Id.* ¶ 8.

loss as within the policy coverage, and the insurer's refusal to make payments as required by the terms of the policy." *TranSched Sys. v. Fed. Ins. Co*., 2014 U.S. Dist. LEXIS 177164 (D.R.I. Dec. 22, 2014) (quoting *Gen. Accident Ins. Co. of Am. v. Am. Nat. Fireproofing, Inc*., 716 A.2d 751, 757 (R.I. 1998)). The Policy provides that "[w]e will cover sudden accidental direct physical loss or damage to the insured yacht."[16] Here, the Complaint fails to allege facts demonstrating that damage to the vessel was "sudden accidental direct physical loss" and thus covered under the Policy. Accordingly, Plaintiff's claim for breach of contract fails to state a claim as a matter of law. *See, e.g., Thompson v. Bank of Am., N.A*., 2013 U.S. Dist. LEXIS 128121 (D.R.I. Sept. 9, 2013) (dismissing breach of contract claim and related bad faith claim for failure to allege facts that would have supported such claims).

Plaintiff's bad faith claim is derivative of its breach of contract claim *Lamoureaux v. Merrimack Mut. Fire Ins. Co.*, 751 A.2d 1290, 1293 (R.I. 2000) ("before a bad-faith claim can even be considered, a Plaintiff must prove that the insurer breached its obligation under the insurance contract.")  Therefore, because the breach of contract claim fails, the bad faith claim necessarily fails as a matter of law as well.

**B.    Plaintiff's Action Is Barred By The One Year Limitation Period Provided By The Policy For Physical Damage Claims.**

Count I of the Complaint fails to state a claim and must be dismissed because it is contractually barred. The Policy provides:

> With respect to coverage provided under **PHYSICAL DAMAGE**, no suit or action may be brought against us unless the action is brought within 12 months after the date you first have knowledge of the loss.[17]

---

[16] *Id.*, Ex. A at 6.
[17] *Id.*, Ex. A at 4.

6

The loss occurred on September 12, 2013 and shortly thereafter Plaintiff made a claim to Markel.[18]  Thus, any suit or action by Plaintiff for this loss under the Policy must have been commenced by or before September 12, 2014.  This action was filed over six months later, on or about March 18, 2015, and is therefore untimely.

Under Rhode Island law, such a contractual limitation on the time by which an insured may bring suit under a policy is enforceable, provided that the amount of time permitted between the loss and the mandatory institution of litigation is reasonable. *Donahue v. Hartford Fire Ins. Co.*, 110 R.I. 603, 605 (R.I. 1972) (citing 18 Couch, Insurance § 75.72 (2d ed. 1968); 20 Appleman, Insurance § 11601 (1963); 6 A.L.R.3d 1197); *see also Greater Providence Trust Co. v. Nationwide Mutual Fire Insurance Co*., 116 R.I. 268, 335 A.2d 718 (1976); *Di Iorio v. Abington Mut. Fire Ins. Co*., 121 R.I. 689, 694 (R.I. 1979). The Rhode Island Supreme Court has held, on multiple occasions, that a one year limit is reasonable. *See Donahue*, 110 R.I. at 605 (citing *Brown v. Roger Williams Ins. Co.*, 5 R.I. 394 (1858)).

Markel promptly denied Plaintiff's claim after investigation.[19]  The Complaint does not allege that Markel and Plaintiff engaged in settlement discussions or that Markel assured Plaintiff that a settlement would be reached.[20]  Thus, there is no reason not to enforce the contractual limitation provision as written.  *See Nat'l Refrigeration, Inc. v. Travelers Indem. Co. of Am.*, 947 A.2d 906, 911 (R.I. 2008) (rejecting Plaintiff's claim that insurer should be estopped from relying on contractual limitation provision where

---

[18] *Id.* ¶¶ 8-9.
[19] *Id.* ¶ 10, and Ex. A.
[20] The Complaint merely alleges that Markel denied coverage. *Id.*

insurer consistently denied claim but agreed to investigate and consider additional evidence).  Plaintiff's untimely action should be dismissed with prejudice.[21]

**C.    Plaintiff Has Not Alleged Any Conduct by Markel That, If Proven, Would State A Claim For Bad Faith.**

Count II also must be dismissed because Plaintiff fails to allege any facts that would support a cause of action for Markel's alleged bad faith refusal to pay under R.I.G.L. § 9-1-33.[22]  In order to prevail on a claim for bad faith pursuant to this statute, a Plaintiff must plead and prove the following elements:

> (a)    an insurance contract between the parties and a breach thereof by the defendant;
>
> (b)    an intentional refusal to pay the insured's claim;
>
> (c)    the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
>
> (d)    the insurer's actual knowledge or the absence of any legitimate or arguable reason;
>
> (e)    if the intentional failure to determine the existence of a lawful basis is relied upon, the Plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.

*Skaling v. Aetna Ins. Co.*, 799 A.2d 997, 1007 (R.I. 2002) (quoting *Bartlett v. John Hancock Mutual Life Insurance Co.*, 538 A.2d 997, 1000 (R.I. 1988)).  On the other hand, "if a claim is 'fairly debatable,' no liability in tort will arise." *Bibeault v. Hanover Ins. Co.*, 417 A.2d 313, 319 (R.I. 1980).

---

[21] As Plaintiff will not be able to amend its pleading to cure this flaw, the motion to dismiss should be granted with prejudice as to Count I, breach of contract. Moreover, if the plaintiff's breach of contract claim is dismissed with prejudice, its bad faith claim must be dismissed as well, there can be no liability for bad faith in the absence of a breach of contract.  *See Skaling v. Aetna Ins. Co.*, 799 A.2d 997, 1007 (R.I. 2002) (plaintiff in bad faith claim must show breach of contract in order to prevail on bad faith claim).

[22] The Complaint also alleges that Markel engaged in unfair claims settlement practices pursuant to R.I.G.L. § 27-9.1-4.  This statute does not provide a private right of action. *Great Am. E&S Ins. Co. v. End Zone Pub & Grill of Narragansett, Inc.*, 45 A.3d 571 (R.I. 2012).

The Complaint is entirely devoid of allegations supporting elements (c), (d), and (e).[23]  If a complaint fails to allege facts that would support a claim for bad faith under Rhode Island law, it is properly dismissed for failure to state a claim. *Charette v. Commerce Ins. Co.*, 2013 U.S. Dist. LEXIS 15923 (D.R.I. Feb. 6, 2013).  Numerous federal courts applying the Rule 12(b)(6) standards as interpreted by *Twombly* and *Iqbal* have dismissed bad faith claims pled in the manner of those set forth in the Complaint. *See, e.g.*, *Raisin Bargaining Assn. v. Hartford Cas. Ins. Co.*, 715 F. Supp. 2d 1079, 1087-1088 (E.D. Cal. 2010) (dismissing bad faith claim because pleading failed to provide specifics reflecting bad faith conduct); *Schor v. State Farm Fire & Cas. Ins. Co.*, 2015 U.S. Dist. LEXIS 33266 (E.D. Pa. Mar. 18, 2015) (dismissing bad faith claims where allegations merely suggested that bad faith was possible, but did not allow for "non-speculative inference that a finding of bad faith is *plausible*.").  *See also Rivera v. Hartford Ins. Co.*, 2015 U.S. Dist. LEXIS 28109 (W.D. Okla. Mar. 9, 2015) (dismissing bad faith claim pursuant to Rule 12(b)(6) where allegations were conclusory and unsupported by specific facts, reasoning that "our pleading standard 'does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions'"); *see also, e.g.*, *Liberty Ins. Corp. v. PGT Trucking, Inc*., Civ. A. No. 11-151, 2011 U.S. Dist. LEXIS 68444, 2011 WL 2552531, at *4 (W.D. Pa. Jun. 27, 2011); *Pfister v. State Farm Fire & Cas. Co*., Civ. A. No. 11-799, 2011 U.S. Dist. LEXIS 81324, 2011 WL 3651349 (W.D. Pa. Aug. 18, 2011); *Atiyeh v. Nat'l Fire Ins. Co.*, 742 F. Supp. 2d 591, 599 (E.D. Pa. 2010); *Palmisano v. State Farm Fire & Cas. Co*., CIV.A. 12-886, 2012 U.S. Dist. LEXIS 116938, 2012 WL 3595276 (W.D. Pa. Aug. 20, 2012); *Yohn v. Nationwide Ins.*

---

[23] *See* Complaint ¶¶ 10, 22.

9

*Co.*, 1:13-CV-024, 2013 U.S. Dist. LEXIS 80703, 2013 WL 2470963 (M.D. Pa. June 7, 2013) (collecting additional cases).

Plaintiff has merely pled the existence and breach of the Policy by Markel. It has not alleged that the refusal to pay the insured's claim was intentional. The Plaintiff has not alleged facts which, if proven, would show the absence of a debatable reason for the refusal. In fact, the Complaint demonstrates that Markel had <u>at least</u> a debatable reason for refusing coverage.[24]  After inspection, the damage to the starboard transmission appeared to loss of oil as the result of corrosion, wear and tear, and failure to maintain the vessel adequately such that it would not be damaged under normal conditions.[25] These causes of physical damage are unambiguously excluded from coverage under the Policy.[26]

Likewise, the Plaintiff has not alleged (because he cannot) that Markel had actual knowledge of the absence of legitimate reasons for denying coverage. There are no factual allegations in the Complaint that would tend to show that Markel knew that the damage to the vessel was both "sudden" and "accidental," contrary to the findings of its investigator.  Finally, the Plaintiff makes no allegations that Markel intentionally failed to investigate the damage in order to determine whether there was an arguable reason to deny the claim.

The pleadings only tend to show that Markel did act promptly, reasonably, and in good faith at all times, from immediately acknowledging the claim, to timely inspecting the damage, and issuing a coverage position without delay, in under three weeks. The United States District Court for the Eastern District of New York recently dismissed a claim for bad faith asserted

---

[24] Complaint ¶ 10 and Exhibit B.
[25] *Id.*
[26] Complaint ¶ 29(b) and Exhibit A at 7.

1096005v.2

against Markel under similar circumstances in *Markel Am. Ins. Co. v. Linhart*, 2012 U.S. Dist. LEXIS 100070 (E.D.N.Y. July 11, 2012). In that case the insured claimed that his yacht was damaged as a result of a sudden and accidental event. The pleadings revealed that Markel had conducted an investigation of the damage before it concluded that the damage was caused by the vessel owner's own failure to maintain the vessel and denied the claim on those grounds. *Id.* at *6. The court held that under those circumstances, where the specific allegations belied the insured's conclusory allegations of bad faith, no claim for bad faith was stated. *Id.* Reconsideration of the dismissal was denied. *Markel Am. Ins. Co. v. Linhart*, 2012 U.S. Dist. LEXIS 166525 (E.D.N.Y. Nov. 16, 2012)

In the case at bar, even if all reasonable inferences are drawn in favor of Plaintiff's position, the most that the Plaintiff alleges is that the claim was "fairly debatable," meaning, *ipso facto*, that the denial was not made in bad faith, and the claims should therefore be dismissed. *See, e.g.*, *Martinez v. Nat'l Union Fire Ins. Co.*, 911 F. Supp. 2d 331, 337 (E.D.N.C. 2012) (granting motion to dismiss bad faith claim where "[a]t most, [the Plaintiff] alleges an honest dispute with National's interpretation of Brazilian law," because such an allegation does not plausibly constitute bad faith).

The entirety of Plaintiff's allegations of bad faith consists of a conclusory allegation that Markel used "strained interpretations" of the Policy and its exclusions to deny coverage and acted in bad faith. The First Circuit has held, when faced with similar conclusory allegations of bad faith:

> While an allegation of "bad faith" is in a sense a factual allegation, it is so subjective that it fails to cross "the line between the conclusory and the factual." Such a bare-boned allegation cannot, without more, defeat a motion to dismiss for failure to state a claim. It is reasonable to expect that, if the Plaintiff had any basis beyond speculation for asserting a claim of bad faith, he would have described that basis in some detail in his complaint.

11

*Artuso v. Vertex Pharms., Inc.*, 637 F.3d 1, 9 (1st Cir. 2011). Applying this reasoning here, on the facts alleged Plaintiff's claim for bad faith is legally insufficient. Where a claim for bad faith fails to state a claim, it is properly dismissed pursuant to Rule 12(b)(6).

## V.    CONCLUSION

Wherefore, defendant Markel American Insurance Company respectfully requests that he Plaintiff's Complaint be dismissed with prejudice, and that the Court award it costs and attorneys fees and such other and further relief as is just and equitable.

Defendant
Markel American Insurance Company
By its counsel,

/s/ Kara Thorvaldsen
_____
Kara Thorvaldsen, #7241
WILSON ELSER LLP
260 Franklin Street, 14th Floor
Boston, MA 02110
617.422.5300
Kara.Thorvaldsen@WilsonElser.com

1096005v.2

## <u>CERTIFICATE OF SERVICE</u>

I, Kara Thorvaldsen, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the NEF on this date as follows:

Richard S. Humphrey: richardhumphrey@richardhumphreylaw.com
Steven Clark: sclark@bohonnon.com

I am not aware of any parties who are not registered participants.

*/s/ Kara Thorvaldsen*
Kara Thorvaldsen

13

1096005v.2