UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

COMFORTABLY NUMB MARINE, :
LLC :
 :
      v. : C.A. No. 15-100ML
 :
MARKEL AMERICAN INSURANCE :
COMPANY :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Document No. 10). Plaintiff opposes the Motion. (Document No. 14). A hearing was held on September 9, 2015. For the following reasons, I recommend that Defendant's Motion be GRANTED in part and DENIED in part as provided herein.

**Background**

Plaintiff is the owner of a sixty-nine foot motor yacht known as "Comfortably Numb" (the "Yacht"). It insured the Yacht under a "Helmsman Yacht Policy" issued by Defendant. Plaintiff alleges that "[o]n or about September 12, 2013, the [Yacht] suffered loss and damage which was sudden and accidental while traveling in Vineyard Sound, Massachusetts off the coast of Martha's Vineyard." (Document No. 1, ¶ 8). Plaintiff alleges that the Yacht suffered mechanical damage "caused by striking an unknown submerged object." (Document No. 1-1 at p. 21). Following an inspection of the Yacht, Defendant informed Plaintiff by letter dated October 1, 2013 that it was "unable to provide coverage for your claim <u>as presented</u>" because there was "no evidence that the vessel struck a submerged object causing the transmission failure" and that the failure was caused by

a corroded oil line. Id. at p. 23. (emphasis added).  Defendant concluded that "it appears you failed to monitor the condition of the starboard oil line and waited too long to take the preventative maintenance step of replacing the line prior to its failure." Id.  Defendant relied upon the wear and tear and failure to maintain exclusions set forth in the policy.  Id.

**Discussion**

    **A.    Contractual Limitations Period**

Defendant's primary argument is that this action is barred by the one-year limitation period contained in the policy for physical damage claims.  In particular, the policy provides: "With respect to coverage provided under PHYSICAL DAMAGE, no suit or action may be brought against us unless the action is brought within 12 months after the date you first have knowledge of the loss."  Defendant argues that it is undisputed that the loss occurred on September 12, 2013, and Plaintiff had knowledge of the loss and made a claim on the policy shortly thereafter.  Thus, it argues, any suit or action by Plaintiff for this loss under the policy must have been brought by or before September 12, 2014.  Since this suit was not filed until March 18, 2015, Defendant contends that it is time-barred pursuant to the plain terms of the policy.

Under Rhode Island law, "[a] contractual limitation found in an insurance policy which prescribes a shorter time for the bringing of suit than the applicable statute of limitations, has been upheld if the interval between the loss and the mandatory institution of litigation is reasonable." Donahue v. Hartford Fire Ins. Co., 295 A.2d 693, 694 (R.I. 1972) (enforcing one-year contractual limitations period in a homeowner's insurance policy) (citing 18 Couch, Insurance § 75.72 (2d ed. 1968); 20 Appleman, Insurance § 11601 (1963); 6 A.L.R.3d 1197).  "The reasonableness of the policy's contractual limitation of action is usually determined by looking at the prescribed time interval

to see if it affords the insured an adequate opportunity to investigate his claim so that he can prepare for any controversy which might arise between him and his insurer." Id.

Plaintiff does not, and effectively cannot based on Rhode Island precedent, contest the reasonableness of the one-year limitations period in the policy. Rather, Plaintiff argues that Defendant's conduct demands that it must be "estopped" from asserting the limitations period and that Defendant "waived" the limitations period by its conduct. (Document No. 14-1 at pp. 3-4).

In Nat'l Refrigeration, Inc. v. The Travelers Indemn. Co. of Am., 947 A.2d 906, 911 (R.I. 2008), the Rhode Island Supreme Court recognized that an insurer may, under certain "exceptional circumstances," be estopped by its conduct from invoking a contractual limitation period to defeat a claim under the policy. It stated as follows:

> [I]n exceptional circumstances, settlement negotiations can estop a party from invoking the statute of limitations if accompanied "by certain statements or conduct calculated to lull the claimant into a reasonable belief that his claim will be settled without a suit." McAdam v. Grzelczyk, 911 A.3d 255, 259 (R.I. 2006) (quoting Gagner v. Strekouras, 423 A.2d 1168, 1169 (R.I. 1980)). This Court has emphasized, however, the exceptional nature of this principle. Indeed, "[m]ere negotiations between [an] insurer and a claimant cannot alone justify the application of estoppel." Id. (quoting Greater Providence Tr. Co., 116 R.I. at 272, 355 A.2d at 720). If we were to hold otherwise, "settlement negotiations would be frustrated and impeded." Id.
>
> Estoppel can arise, however, if "(1) the insurer, by his actions or communications, has assured the claimant that a settlement would be reached, thereby inducing a late filing, or (2) the insurer has intentionally continued and prolonged the negotiations in order to cause the claimant to let the limitation pass without commencing suit." McAdam, 911 A.2d at 260 (quoting Gagner, 423 A.2d at 1170).

Id. Furthermore, in the McAdam case, the Rhode Island Supreme Court also explained as follows:

> When deciding whether a claimant has been lulled into believing that filing suit is unnecessary, courts must look for any evidence that would support a reasonable belief that the matter would be settled. Gagner,

> 423 A.2d at 1170. We have emphasized that "[t]here must be a showing of an express representation or other affirmative conduct which amounts to a representation that could reasonably deceive another and induce a reliance that would work to the disadvantage of the individual relying upon the representation." Gross v. Glazier, 495 A.2d 672, 674 (R.I. 1985). An insurer's concession of liability is among the statements that could induce a claimant's reasonable belief that suit is unnecessary. Gagner, 423 A.2d at 1170.

911 A.2d at 260.

In support of its argument that it was "lulled" into believing that the claim could be resolved without litigation, Plaintiff presents a series of emails between Defendant's claims examiner and Plaintiff's counsel. (See Document Nos. 14-2 and 14-3). Although the claim was promptly denied by letter dated October 1, 2013, it was denied "as presented," and Defendant's claims examiner invited Plaintiff to contact him if it "wish[ed] to discuss this further." (Document No. 1-1 at p. 23). The claim was also denied in part due to the lack of evidence presented at that time that the Yacht struck a submerged object. Id.

Apparently, Plaintiff took the claims examiner up on his invitation to discuss the claim further. For instance, Defendant's claims examiner confirmed by email to Plaintiff's counsel on September 18, 2014 that Defendant had "requested...additional disassembly" of the transmission and "will be paying the invoice for the same." (Document No. 14-2 at p. 2). This was followed by additional email correspondence regarding the claim. At no point during the produced emails does Defendant's claims examiner advise Plaintiff's counsel that the twelve-month limitation period has expired or that further discussion of the claim is academic because Plaintiff had lost its right to sue for coverage under the policy. In fact, after the expiration of the twelve-month period following the loss, Defendant agreed to pay for disassembly and further examination of the transmission for evidence of damage due to impact.

Defendant has not formally answered Plaintiff's Complaint. Instead, it elected to move for dismissal under Rule 12(b)(6), Fed. R. Civ. P. It relies upon the timeliness defense as well as the alleged pleading insufficiency of Plaintiff's breach of contract and bad faith claims. Plaintiff has responded to the timeliness issue by raising waiver and equitable estoppel and has submitted documents (the 2014 email correspondence) outside the pleadings in support which the Court is not generally permitted to consider in ruling on a motion under Rule 12. See Rule 12(d), Fed. R. Civ. P. The issue of whether Defendant has waived the contractual limitations provision or should be equitably estopped from asserting it as a defense, are plainly questions of fact. See Pick v. Assoc. Indem. Corp., 547 N.E.2d 555, 559 (Ill. App. Ct. 1989) (holding that "whether an insurer's conduct waived the limitation provision in the policy is generally a question of fact"); see also 17 Couch, Insurance §238:1 (3d ed. 2015) ("any claim of waiver or estoppel may require a discovery and evidentiary side trip from the substance of the underlying dispute between the parties to establish who said and did what, when, and to whom."). Discovery has not yet commenced in this case, and the record is not sufficiently developed to allow a full and fair assessment of the issues of waiver and equitable estoppel at this time. For instance, the Court has no way to know if the emails submitted by Plaintiff are a complete compilation or if there were any other verbal or written communications that may have a bearing on this issue. Accordingly, I recommend that Defendant's Motion to Dismiss as based on the contractual limitations period in the policy be DENIED without prejudice to renewal, if appropriate, after discovery and pursuant to Rule 56, Fed. R. Civ. P.

**B.  Failure to State a Claim**

Defendant also argues that Plaintiff has failed to sufficiently plead facts to support both its breach of contract and bad faith claims. At the hearing, Defendant's counsel conceded that Count I (Breach of Contract) was sufficiently pled. However, she maintained the argument as to Count II (Bad

Faith) that Plaintiff has not alleged sufficient facts to support a viable bad faith claim under Rhode Island law.

At the hearing, Plaintiff's counsel conceded that, without the benefit of discovery, Count II was necessarily pled as a "bare bones," bad faith claim.  Under Rhode Island law, an insurer is subject to a statutory claim for damages when it "wrongfully and in bad faith refused to pay or settle a claim made pursuant to the provisions of the policy."  R.I. Gen. Laws § 9-1-33(a).  In such cases, the insured has the burden to "show the absence of a reasonable basis for denying benefits of the policy and the [insurer's] knowledge or reckless disregard of the lack of a reasonable basis for denying the claim."  Skaling v. Aetna Ins. Co., 799 A.2d 997, 1004 (R.I. 2002) (emphasis added).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, see Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc., 32 F. Supp. 2d 491, 493 (D.R.I. 1998); Paradis v. Aetna Cas. & Sur. Co., 796 F. Supp. 59, 61 (D.R.I. 1992), taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences, see Arruda v. Sears, Roebuck & Co., 310 F.3d 13, 18 (1st Cir. 2002); Carreiro v. Rhodes Gill & Co., 68 F.3d 1443, 1446 (1st Cir. 1995); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994).  If under any theory the allegations are sufficient to state a cause of action in accordance with the law, the motion to dismiss must be denied.  See Hart v. Mazur, 903 F. Supp. 277, 279 (D.R.I. 1995).  While a plaintiff need not plead factual allegations in great detail, the allegations must be sufficiently precise to raise a right to relief beyond mere speculation.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating the "no set of facts" rule of Conley v. Gibson, 355 U.S. 41, 44-45 (1957)).  "The complaint must allege 'a

plausible entitlement to relief' in order to survive a motion to dismiss." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Twombly, 550 U.S. at 559).

In Count II, Plaintiff summarily alleges that Defendant's actions constitute a bad faith refusal to pay the claim.  (Document No. 1 at ¶ 22).  However, none of the "actions" alleged by Plaintiff in the Complaint are sufficient to support a viable bad faith claim under R.I. Gen. Laws § 9-1-33(a). The bad faith claim is conclusory, and the Complaint contains no factual allegations from which a reasonable fact-finder could conclude that Defendant denied this claim "wrongfully and in bad faith."  Rather, it is apparent that this is, at most, a "fairly debatable" claim which centers on a factual dispute about whether or not the Yacht was damaged by striking an unknown submerged object or due to the failure of a neglected oil line.  Further, in addition to conceding the "bare bones" nature of its bad faith claim at the hearing, Plaintiff failed to substantively address the viability of its bad faith claim in its Objection to Defendant's Motion to Dismiss.  See Document Nos. 14 and 14-1.  While Plaintiff attempted to do so in an eleventh-hour Sur-reply (Document No. 17 at p. 4), its effort was too little and too late.  First, a sur-reply is not permitted under this Court's Local Rules without prior leave of the Court (see Local Rule Cv 7(b)(3)) and leave was not sought.  Second, the Sur-reply offers no substantive factual or legal analysis supporting the viability of Count II.  Thus, Defendant's arguments as to Count II are effectively unopposed and may be sustained as such.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived....It is not enough merely to mention a possible argument in the most skeletal way, leaving the Court to do counsel's work, create the ossature for the argument, and put flesh on its bones."); Rivera-Gomez v. de Castro 843 F.2d 631, 635 (1st Cir. 1988) ("Judges are not expected to be mindreaders.

Consequently, a litigant has an obligation "to spell out its arguments squarely and distinctly, or else forever hold its peace."). Plaintiff simply asserts in a conclusory fashion that Defendant acted in bad faith because it "denied coverage even though it has a duty to provide such and willfully engaged in and extended the investigations and negotiations regarding the damage to the [Yacht] for a period of fifteen months." (Document No. 17 at p. 4). Plaintiff fails to discuss the legal elements of a bad faith claim under Rhode Island law or to identify any factual allegations in the Complaint that would support a plausible bad faith claim. Plaintiff also does not identify any facts suggesting that Defendant knew or had reckless disregard for undisputable evidence showing that the damage was a covered loss caused by a sudden and accidental collision, and does not request leave to amend its Complaint to assert any such facts. Accordingly, I recommend that Defendant's Motion to Dismiss be GRANTED as to Count II.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss (Document No. 10) be DENIED as to Count I and GRANTED as to Count II. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 23, 2015